UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WINSTON SMITH, DUANE NELSON, JEROME JONES, and FRED DEAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUALITY CARRIERS, INC.,<br><br>Defendant. | Case No.: _____ |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. This is a lawsuit brought by current and former delivery drivers who work for Quality Carriers, Inc. ("Quality Carriers"), a delivery company specializing in transport of chemical materials and hazardous products, that operates a delivery facility in Rahway, New Jersey.

2. According to its website, "Quality Carriers moves chemicals safely for our customers throughout North America," and is the "Leader in North American Bulk Chemical Trucking[.]"[1]

3. As set out below, although Quality Carriers classifies its delivery drivers, including Plaintiffs, as independent contractors, Quality Carriers retains control and actually controls the manner and means of every material aspect of its drivers' work

---

[1] https://qualitycarriers.com (last visited November 26, 2024).

1

obligations. Accordingly, notwithstanding their classification, Quality Carriers' drivers are employees under New Jersey and federal law.

4. Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with Quality Carriers to provide delivery services for Quality Carriers based out of Quality Carriers' New Jersey terminal between December 2018 and the present. Plaintiffs allege that Quality Carriers violated the New Jersey Wage Payment law, N.J.S.A. 34: 11-4.1(a), and the New Jersey Wage and Hour Law, N.J.S.A. 3411-56a1, by taking deductions from Plaintiffs' and other delivery drivers' pay, by failing to pay delivery drivers minimum wage for all hours worked, and by failing to pay delivery drivers overtime compensation for hours worked in excess of 40 a week.

5. Plaintiffs also bring this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for Quality Carriers in the United States between December 2021 and the present. Plaintiffs allege that it was Quality Carriers' policy and practice to take deductions from delivery drivers' pay which, in many weeks, caused the delivery drivers' compensation to fall below federal and state minimum wage. Accordingly, Plaintiffs and other delivery drivers were not paid minimum wage in some weeks worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

## Jurisdiction and Venue

6. This Court has personal jurisdiction over Plaintiffs and the class and

collective they seek to represent pursuant to the forum selection clause contained in the independent contractor agreements entered into by Plaintiffs and other delivery drivers with Quality Carriers.

7. The Court has personal jurisdiction over Defendant Quality Carriers because it has its principal place of business in Tampa, Florida, in this judicial district.

8. This Court has federal question jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. §216(b).

9. This Court has supplemental jurisdiction over Plaintiffs' claims under New Jersy law pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims over which this Court possesses original jurisdiction that it forms part of the same case or controversy under Article III of the Constitution. In addition, the Court has jurisdiction under 28 U.S.C. § 1332 because each of the Plaintiffs is a resident of a different state than the Defendant, and because the amount in controversy in this case is in excess of $75,000.00.

10. Venue is appropriate in this District pursuant to the forum selection clause contained in the independent contractor agreements entered into by Plaintiffs and other delivery drivers with Quality Carriers.

## Parties

11. Plaintiff Winston Smith resides in Union, New Jersey. Smith has worked as a delivery driver for Quality Carriers between February 2024 and October 2024.

12. Plaintiff Duane Nelson resides in Paterson, New Jersey. Nelson has worked as a delivery driver for Quality Carriers between approximately April 2021

and the present.

13. Plaintiff Jerome Jones resides in Carteret, New Jersey. Jones has worked as a delivery driver for Quality Carriers between approximately February 2023 and the present.

14. Plaintiff Fred Dean resides in Philadelphia, Pennsylvania. Dean has worked as a delivery driver for Quality Carriers between approximately March 2024 and August 2024.

15. Defendant Quality Carriers is a Florida corporation whose headquarters are in Tampa, Florida. Quality Carriers operates a terminal in Rahway, New Jersey and has other locations in New Jersey.

16. Quality Carriers employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-7.

17. Quality Carriers' annual gross volume of sales made or business done exceeds $500,000.

## Facts Common to All Counts

18. Plaintiffs performed delivery services for Quality Carriers personally on a full-time basis out of a Quality Carriers terminal in Rahway, New Jersey.

19. Plaintiffs and other delivery drivers were classified by Quality Carriers as independent contractors.

20. Notwithstanding this classification, Plaintiffs and other drivers exercise

virtually no independent control over their own work life and therefore they are employees of Quality Carriers under New Jersey and federal law.

21. Plaintiffs and other drivers work full-time for Quality Carriers, are required to display the Quality Carriers logo on their vehicles, and operate under Quality Carriers' Motor Carrier authority, meaning that they are unable to make deliveries for companies other than Quality Carriers.

22. Plaintiffs and other drivers are not involved in the negotiation and/or arrangements between Quality Carriers and its customers over pick up, delivery times, and other requirements.

23. As a practical matter, Plaintiffs and other drivers are not able to deliver for other companies while working for Quality Carriers, as they operate trucks that are registered under Quality Carriers' Motor Carrier authority, and thus can only transport merchandise for Quality Carriers.

24. The drivers are required to keep cell phones and a GPS with them at all times so that Quality Carriers can contact them on the road to make changes to their pickup and delivery schedule. Quality Carriers also equips each truck with cameras, which enable Quality Carriers to monitor Plaintiffs and other delivery drivers at all times.

25. There is no independent entrepreneurial opportunity for the drivers and no business to grow. Plaintiffs and other drivers do not own a route and their income is totally dependent upon their delivery schedule that is completely controlled by Quality Carriers.

26. Plaintiffs and other delivery carriers are paid a set rate, based on a percentage of the load, which is determined by Quality Carriers.

27. Quality Carriers maintains a set of mandatory requirements to which all of its drivers must adhere. If the drivers fail to follow the multitude of rules, regulations and policies, Quality Carriers threatens to discipline or actually disciplines the drivers, including termination at will.

28. Quality Carriers periodically requires delivery drivers to attend safety meetings at its warehouse.

29. The drivers exercise no independent business judgment in the performance of their jobs, nor do they have an opportunity to do so. Quality Carriers retains for itself the right to control the drivers' work.

30. Quality Carriers requires that Plaintiffs and other drivers buy or lease their own vehicles and further requires that they pay for their own fuel and maintenance.

31. Quality Carriers also takes deductions from Plaintiffs' and other drivers' pay for items including insurance coverage, an escrow fund, and various tolls. These deductions often total hundreds of dollars a week.

32. As a result of these deductions and the expenses delivery drivers are required to incur while working for Quality Carriers, there are many weeks in which their compensation falls below minimum wage, in violation of the FLSA and New Jersey law. For example, in the week ending October 10, 2024, Plaintiff Smith did not receive any compensation from Quality Carriers, despite working at least 8 hours that

week.

## Class Allegations

33.     Plaintiffs bring Counts I-II of this lawsuit on their own behalf and on behalf of the following described Class:

> Each person who, at any time between December 2018 and the date on which a Class is certified, entered into an agreement to work as a delivery driver for Quality Carriers, worked for Quality Carriers in New Jersey, and was classified by Quality Carriers as an independent contractor.

34.     Upon information and belief, the number of class members is in excess of 100. Accordingly, joinder of its members is impracticable. Quality Carriers has the records necessary to identify all Class members and to calculate their recoveries.

35.     The named Plaintiffs are members of the Class and share with the Class common questions of law and fact, including whether Quality Carriers has correctly classified its drivers as independent contractors; whether Quality Carriers has taken unlawful deductions from their pay, and whether Quality Carriers has failed to pay them minimum wage and overtime compensation.

36.     The claims of the named Plaintiffs are typical and representative of the claims of the Class they seek to represent. The named Plaintiffs have suffered the same type of financial losses as other Class members.

37.     Plaintiffs will fairly and adequately represent the Class. There are no conflicts that compromise their ability to represent the Class and they have retained experienced lawyers who are well versed in independent contractor/employee issues and Class action litigation.

38. Common questions predominate in this dispute and a Class action is the superior way to resolve this dispute.

### Collective Allegations

39. Plaintiffs bring Count III of this lawsuit as a collective action on behalf of all individuals who entered into an agreement to work as delivery drivers for Quality Carriers in the United States and were classified by Quality Carriers as independent contractors during the last three years and who may choose to opt-in to this case.

40. Plaintiffs' FLSA claims should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for Quality Carriers during the past three years.

41. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Quality Carriers did not pay drivers at least the minimum wage for all hours worked, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

### Legal Claims

#### Count I – Violation of the New Jersey Wage Payment Law

42. Plaintiffs restate the above paragraphs as if fully set forth herein at length.

43. Quality Carriers is an employer within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34: 11-4.1(a).

44. Plaintiffs and Class members are employees of Quality Carriers within the meaning of N.J.S.A. 34:11-4.1(b).

45. Quality Carriers has paid to Plaintiffs and Class members compensation

for their services that are wages within the meaning of N.J.S.A. 34:11-4.1(c).

46. Quality Carriers has withheld and diverted from the Plaintiffs' and Class members' wages amounts for insurance coverage, an escrow fund, tolls, and for other expenses.

47. Quality Carriers withheld and diverted the wages of Plaintiffs and Class members as set forth above in violation of N.J.S.A. 34: 11-4.4 et. seq.

48. Pursuant to N.J.S.A. 34: 11-4.7, Plaintiffs and other Class members have a private right of action against Quality Carriers, their employer, for the full amount of wrongfully withheld or diverted wages.

### Count II – Violation of the New Jersey Wage and Hour Law

49. Plaintiffs restate the above paragraphs as if fully set forth herein at length.

50. Quality Carriers is an employer within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34: 11-56a1.

51. Plaintiffs and all Class members are employed by Quality Carriers pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 3411-56a1.

52. At all relevant times, Plaintiffs and Class members were owed minimum wage compensation for each hour worked, as well as one-and-one-half times the New Jersey minimum wage for each hour they worked for Quality Carriers in excess of 40 hours in any workweek. N.J.S.A. 34:11-56a4.

53. Plaintiffs and Class members do not fall under any exemption for the payment of overtime at the regular hourly rate pursuant to the New Jersey Wage and Hour Law.

54. By failing to pay Plaintiffs and Class members one-and-on-half times the New Jersey minimum wage for all hours worked in excess of 40 hours in each workweek, Quality Carriers violated the New Jersey Wage and Hour Law. N.J.S.A. 34:11-56a.

55. Pursuant to N.J.S.A. 34: 11-56a25, Plaintiffs and Class members have a private right of action against Quality Carriers, their employer, for the full amount of wrongfully withheld overtime wages.

## Count III – Fair Labor Standards Act

56. Plaintiffs restates the above allegations as if fully set forth herein at length.

57. After accounting for the deductions taken by Quality Carriers from their pay, and the expenses Plaintiffs and the putative collective members paid that were necessary to perform their job, Quality Carriers failed to pay Plaintiffs and the members of the putative collective an hourly rate of at least the federal minimum wage as required by the FLSA, 29 U.S.C. § 206(a).

58. Quality Carriers' conduct in failing to ensure that its delivery drivers, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, was knowing, willful, intentional, and done in bad faith.

59. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## Prayer for Relief

WHEREFORE, Plaintiffs, individually and on behalf of all drivers similarly situated, respectfully request that the Court order the following:

A. Certification of the described Class with the named Plaintiffs as the Class representatives;

B. Judgment in Plaintiffs' favor and against the Defendant, awarding compensatory, exemplary, statutory, liquidated and punitive damages;

C. An Order requiring Quality Carriers to pay all damages, including reimbursement for all wages unlawfully withheld, including for failure to pay overtime, and any applicable penalties under the FLSA and New Jersey wage laws; and

D. All other relief to which Plaintiffs and the Class and Collective may be entitled, including but not limited to attorneys' fees, costs and interest.

DATED: December 6, 2024         Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter, Fla. Bar No. 0134694
Conor P. Foley, Fla. Bar No. 111977
GUNTERFIRM
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017
Jason@GunterFirm.com
Conor@GunterFirm.com

Ravi Sattiraju
(*pro hac vice anticipated*)
SATTIRAJU & THARNEY, LLP
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Tel: (609) 469-2110
Fax: (609) 228-5649
rsattiraju@s-tlawfirm.com

Harold L. Lichten
(*pro hac vice anticipated*)
Olena Savytska
(*pro hac vice anticipated*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St. Suite 2000
Boston, MA 02116
(617) 994 5800
hlichten@llrlaw.com
osavytska@llrlaw.com


Counsel for Plaintiffs, Winston Smith, Duane Nelson, Jerome Jones, and Fred Dean, individually and on behalf of all others similarly situated

12