UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WINSTON SMITH, ET AL.,

    Plaintiffs,

v.                                  Case No. 8:24-cv-2815-VMC-AAS

QUALITY CARRIERS, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs Winston Smith, Duane Nelson, Jerome Jones, and Fred Dean's Motion for Reconsideration (Doc. # 60), filed on May 28, 2025. Defendant Quality Carriers, Inc. responded on June 6, 2025. (Doc. # 61). For the reasons that follow, the Motion is denied.

**I.  Background**

In their Motion, Plaintiffs seek reconsideration of the Court's Order entered on May 8, 2025. (Doc. # 57). The Order granted in part and denied in part a motion to dismiss and strike, filed by Quality Carriers. (Id.). Rather than repeat the history of this case and the Court's ruling, the Court incorporates by reference the background and discussion contained within that Order. (Id.).

1

In granting the motion in part, the Court struck Plaintiffs' class action allegations, which applied to Counts One and Two, because the class action waivers within Plaintiffs' contracts should be enforced. (Id. at 9-17). Plaintiffs move specifically for reconsideration of this ruling. (Doc. # 60). Quality Carriers has responded (Doc. # 61), and the Motion is now ripe for review.

## II. Legal Standard

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-VMC-TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60." Id. "A Rule 59(e) motion must be filed within 28 days after the entry of the judgment." Id. "Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." Id. Here, the Motion was filed within 28 days of the entry of judgment, so Rule 59 applies. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

2

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters [or] raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

### III. Analysis

Plaintiffs first argue that the Court erred in citing Singh v. Uber Technologies Inc., 235 F. Supp. 3d 656, 673 n. 11 (D.N.J. 2017), and in turn, erred in finding that the New Jersey Wage and Hour Law ("NJWHL") does not provide an unwaivable right to pursue a class action. (Doc. # 60). Plaintiffs next argue that the Court erred in concluding that the waivers were not void under Florida law. (Id.). The Court will address each contention in turn.

#### A. The NJWHL

Plaintiffs submit that the holding from Singh cited by the Court "has been directly abrogated by statutory amendment." (Doc. # 60 at 2). The Court quoted Singh for the proposition that "[p]laintiff's contention that the NJWHL

3

provides an unwaivable substantive right to bring a class action is baseless. To date, no state or federal court has endorsed such a position, and tellingly, Plaintiff has not cited to any authority for support." (Doc. # 57 at 14) (quoting Singh, 235 F. Supp. 3d at 673 n. 11). Plaintiffs claim that Singh is no longer good law because the New Jersey Wage Payment Law ("NJWPL"), which was amended in 2019 and is distinct from the NJWHL, specifies that "[t]he employee shall be entitled to maintain the action for and on behalf of other similarly situated employees." N.J. Stat. § 34:11-4.10(c).

However, Plaintiffs fail to explain why the Court should apply a provision of the NJWPL to the NJWHL. Even more critically, the Court notes that a substantially similar provision has been in the NJWHL since 1966. See N.J. Stat. § 34:11-56a25 (1966 to 2019 version) ("An employee shall be entitled to maintain such action for and on behalf of himself or other employees similarly situated[.]"). Thus, even assuming that the NJWPL's provisions apply to the NJWHL, the NJWHL had contained a similar provision for decades prior to the Singh opinion. Even still, the Singh-court found that the NJWHL does not provide an *unwaivable* right to proceed as a class. 235 F. Supp. 3d at 673 n. 11. Thus, the Court is unpersuaded by Plaintiffs' argument.

4

### B. Florida law

Plaintiffs allege that the Court erred by concluding that the class waiver is not void as a matter of public policy under Florida law. (Doc. # 60 at 3-6). Specifically, Plaintiffs take aim at the Court's conclusion that "Plaintiffs have not pointed to any specific statutory remedy that is undermined by the class waiver." (Doc. # 57 at 13) (internal quotations omitted); see Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 474 (Fla. 2011) (holding that contractual provisions are void as a matter of public policy if they "directly undermine specific statutory remedies created by the Legislature").

Plaintiffs cite a line of cases which focus on class certification, rather than the enforceability of class waivers. (Doc. # 60 at 5) (citing Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 116 (Fla. 2011); Discount Sleep of Ocala, LLC v. City of Ocala, 245 So.3d 842, 856 (Fla. 5th DCA 2018)). In each case, the courts found that a class action was an "economically feasible remedy" due to the thousands of potential class members and small economic recoveries. Sosa, 73 So. 3d at 116; Discount Sleep of Ocala, 245 So.3d at 856. But neither case's discussion of class certification related to the enforcement of a class waiver. Instead, each case was

5

specifically focusing on the superiority-requirement to certify a class action. <u>Sosa</u>, 73 So. 3d at 116; <u>Discount Sleep of Ocala</u>, 245 So.3d at 856. Thus, the Court finds that these cases do not detract from the Court's conclusion that Plaintiffs' class waivers are enforceable. (Doc. # 57 at 13-14).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Winston Smith, Duane Nelson, Jerome Jones, and Fred Dean's Motion for Reconsideration (Doc. # 60) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of June, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE